## UNITED STATES DISTRICT COURT FOR THE
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **TONY ROYAL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-23-468-G** |
| | ) | |
| **MARY EMERSON-GOMEZ et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## <u>ORDER</u>

Plaintiff Tony Royal, appearing pro se, brings this civil action against two defendants. *See* Compl. (Doc. No. 1). Upon review, the Court dismisses the Complaint.

### I.   *Standard of Review*

Because Plaintiff is proceeding *in forma pauperis* (*see* Doc. No. 3), the Court is obligated to conduct an initial review of the Complaint and may dismiss the pleading at any time if the Court finds it is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915(e)(2)(B).

A complaint fails to state a claim on which relief may be granted when it lacks factual allegations sufficient "to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (footnote and citation omitted). Bare legal conclusions in a complaint are not entitled to the assumption of truth: "they must be supported by factual allegations" to state a claim for relief. *Ashcroft v. Iqbal*, 556 U.S.

662, 679 (2009).  Whether a complaint contains sufficient facts to avoid dismissal is context-specific and is determined through a court's application of "judicial experience and common sense." *Id.*

A district court may sua sponte dismiss a complaint for failure to state a claim upon which relief may be granted where it is "patently obvious" that the plaintiff cannot prevail on the facts alleged and amendment of the pleading would be futile. *McKinney v. Okla., Dep't of Human Servs.*, 925 F.2d 363, 365 (10th Cir. 1991); *see Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007) ("We apply the same standard of review for dismissals under § 1915(e)(2)(B)(ii) that we employ for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim.").  "[A] pro se plaintiff requires no special legal training to recount the facts surrounding his alleged injury, and he must provide such facts if the court is to determine whether he makes out a claim on which relief can be granted." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (noting that although courts construe pro se pleadings liberally they "will not supply additional factual allegations to round out a plaintiff's complaint").

## II.   Discussion

Plaintiff alleges that in May of 2023, he was involved in several interactions and disagreements with Defendant Edward L. Gaylord Downtown YMCA ("YMCA") and Defendant Mary Emerson-Gomez, the YMCA's District Membership Director.  *See* Compl. at 2; *id.* Ex. 1 (Doc. No. 1-1).  Plaintiff contends that Defendants' unlawful conduct during these incidents caused him mental and emotional distress.  *See* Compl. Ex. 1.

2

Plaintiff brings a federal civil rights claim pursuant to 42 U.S.C. § 1983 for violation of his equal protection rights under the Fourteenth Amendment.  *See id.*; *see also* Am. Compl. at 3.  He also raises multiple causes of action under Oklahoma law.  *See* Am. Compl. Ex. 1.

Section 1983 is the "remedial vehicle for raising claims based on the violation of [federal] constitutional rights."  *Brown v. Buhman*, 822 F.3d 1151, 1161 n.9 (10th Cir. 2016).  To succeed on a claim under § 1983, a plaintiff must show "the violation of a right secured by the Constitution and laws of the United States" and that the violation "was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988); *see* 42 U.S.C. § 1983.

Even liberally construed, the allegations of the pleading do not plausibly reflect that either Defendant YMCA or Defendant Emerson-Gomez is a state actor or committed any of the cited conduct while "acting under color of state law."  *West*, 487 U.S. at 48.  To the contrary, the Complaint most reasonably establishes that one defendant is a private entity and the other an employee of that private entity.  *See* Compl. at 2; Compl. Ex. 1; *see also About Us*, YMCA of Greater Oklahoma City, https://ymcaokc.org/areas-of-impact (last visited Mar. 27, 2024) ("The YMCA of Greater Oklahoma City is a 501(C)(3) Non-Profit Organization.").  It follows that Plaintiff has not stated a Fourteenth Amendment claim upon which relief can be granted, and dismissal is required under 28 U.S.C. § 1915(e)(2)(B)(ii).

With Plaintiff's federal claim dismissed, the Court considers its jurisdiction to consider Plaintiff's remaining claims, which are premised upon violation of Oklahoma law.

"Federal courts have limited subject matter jurisdiction, and a basis of federal jurisdiction must be affirmatively pleaded." *Gilmore-Bey ex rel. L'Evation Birthing Circles Ministries v. Coleman*, No. CIV-23-1152-D, 2023 WL 8850761, at *1 (W.D. Okla. Dec. 21, 2023); *see also* Fed. R. Civ. P. 8(a)(1). As the party asserting federal jurisdiction, Plaintiff bears "the burden of alleging the facts essential to show jurisdiction." *U.S. ex rel. Stone v. Rockwell Int'l Corp.*, 282 F.3d 787, 797 (10th Cir. 2002) (internal quotation marks omitted).

Plaintiff's pleading—which indicates that he is an Oklahoma resident suing an Oklahoma entity and another Oklahoma resident—does not evince a basis for this Court to exercise diversity jurisdiction over this matter. *See* Compl. at 1-2. Further, "[w]hen all federal claims have been dismissed, the court may, and usually should, decline to exercise jurisdiction over any remaining state claims." *Smith v. City of Enid ex rel. Enid City Comm'n*, 149 F.3d 1151, 1156 (citing 28 U.S.C. § 1367(c)(3)). Accordingly, the Court declines to proceed with the remaining state-law claims.[1]

## CONCLUSION

For the foregoing reasons, Plaintiff's Complaint (Doc. No. 1) is DISMISSED WITHOUT PREJUDICE. Specifically, Plaintiff's federal claim is dismissed for failure to state a claim on which relief may be granted. The Court declines to exercise supplemental jurisdiction over Plaintiff's state-law claims.

---

[1] Plaintiff has submitted a Motion for Leave to File an Amended Complaint (Doc. No. 13), but none of the amendments proposed by Plaintiffs would affect the analysis herein.

All pending motions are DENIED AS MOOT.  A separate judgment shall be entered.

IT IS SO ORDERED this 27th day of March, 2024.

_____
CHARLES B. GOODWIN
United States District Judge